UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In Re:

JESCO FUEL MARTS, INC.,

**MEMORANDUM OF
DECISION AND ORDER**
04-CV-3466 (ADS)

               Debtor.
----------------------------------------------------------------X

JEFFREY BERNSTEIN,

               Appellant,

    -against-

MOTT OIL, INC.,

               Appellee.

----------------------------------------------------------------X

**APPEARANCES:**

**COHEN TAUBER SPIEVACK & WAGNER LLP**
Attorneys for Appellant Jeffrey Bernstein
420 Lexington Avenue, Suite 2400
New York, New York 10170
       By:    Stephen Wagner, Esq., Joseph M. Vann, Esq., and
               Ira R. Abel, Esq., Of Counsel

**ANDERSON KILL & OLICK, P.C.**
Attorneys for Appellee Mott Oil, Inc.
1251 Avenue of the Americas
New York, New York 10020
       By:    Larry D. Henin, Esq., Of Counsel

**SPATT, District Judge.**

       This appeal arises from an Order entered June 30, 2004 (the "Remand Order"),

that remanded an action initially commenced by Mott Oil, Inc. ("Mott" or the

"Appellee") against Jesco Fuel Marts, Inc. ("Jesco" or the "Debtor") and Jeffrey Bernstein ("Bernstein" or the "Appellant") in the Circuit Court of Dale County, Ozark, Alabama (the "State Court Action") to the Alabama State Court. The State Court Action had previously been removed and transferred by Jesco and Bernstein to the Bankruptcy Court for the Eastern District of New York after Jesco filed its Chapter 11 petition. The Remand Order was entered pursuant to a decision of United States Bankruptcy Judge Melanie Cyganowski, entered on the record at a hearing held on June 16, 2004. Bernstein asserts that the Bankruptcy Court erred and abused its discretion in entering the Remand Order because the Bankruptcy Court failed to recognize that, as a matter of law, it could continue to exercise jurisdiction over the Adversary Proceeding.

## I. BACKGROUND

The following facts are taken from the parties' submissions on this motion and the bankruptcy record on appeal. They are undisputed except where noted.

Mott is an Alabama corporation that is engaged in the business of leasing convenience stores and distributing petroleum products through convenience stores / gasoline service stations. Jesco is a Florida corporation doing business in the State of Alabama. Bernstein is the operating officer of Jesco. According to Bernstein, he does not reside in Alabama.

On July 2, 2003, Mott, as landlord, and Jesco, as tenant, entered

into an agreement for the lease of fifteen convenience stores/gasoline service stations (the "Stores") in Alabama (the "Mott Leases"). Also on July 2, 2003, Mott and Jesco entered into a Wholesale Brand and Sales Agreement (the "Fuel Supply Agreement") for the supply of petroleum products to the Stores leased by Mott to Jesco. Under the terms of the Fuel Supply Agreement, the Debtor agreed to buy certain wholesale petroleum products for sale at the Stores. Also on this date, Bernstein entered into an agreement, which guaranteed to Mott full payment and performance of any and all indebtedness, liabilities, obligations and covenants of Jesco (the "Guaranty Agreement"). Section C, paragraph 5 of the Guaranty Agreement provides as follows:

> Guarantor hereby unconditionally and irrevocably: (a) waives and relinquishes any right of subrogation or other right of reimbursement from the Tenant Dealer or Tenant Dealer's estates, arising out of or on account of any sums paid or agreed to be paid by Guarantor under this Guaranty, whether any such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,undiputed, secured or unsecured until such time as all the obligations and all indebtedness of every kind owed by the Tenant Dealer to the Landlord for the full term of the Lease Documents has been paid in full . . . .

On July 8, 2003, SAA Acquisitions, Inc. ("SAA"), alleged by Mott to be its affiliate, and Jesco entered into an agreement for the lease of three of Mott's convenience stores / gasoline stations (the "SAA Lease").

On October 2, 2003, based upon Jesco's alleged failure to comply with various terms and provisions of the Mott Leases, the SAA Lease and the Fuel Supply

3

Agreement, Mott commenced the State Court Action against Jesco and Bernstein in the Alabama Court. This action sought among other things, (1) damages from Jesco for breach of the Agreements; (2) possession of the Stores; and (3) enforcement of the Guaranty (the "Guaranty Claim").

Also on October 2, 2003, the Alabama Court issued an ex parte Temporary Restraining Order, restraining Bernstein and Jesco and it's officers, directors, employees and agents from entering or remaining in the Store's premises, and granting Mott possession and use of the Stores located in Alabama and Florida.

On October 20, 2003 (the "Petition Date"), Jesco filed a voluntary petition with the United States Bankruptcy Court for the Eastern District of New York in accordance with Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). On October 29, 2003, Mott and Jesco presented the Bankruptcy Court with proposed Orders to Show Cause seeking various relief. Mott requested that the Bankruptcy Court enter an order scheduling an expedited hearing on its motion seeking dismissal of the Chapter 11 petition. In the alternative, Mott requested that the Bankruptcy Court transfer venue of the case to Alabama. On the other hand, Jesco requested that the Bankruptcy Court enter an order (1) immediately restoring it to possession and control of its assets which included the Stores; (2) scheduling an expedited hearing seeking to hold Mott in contempt for violating the automatic stay; and (3) restraining third parties from interfering in its business operations. Jesco also sought related relief, including monetary damages exceeding $1,000,000.

By Memorandum Decision and Order, dated October 29, 2003, the Bankruptcy Court directed the Office of the United States Trustee (the "UST") to appoint a Chapter 11 operating Trustee for Jesco. By Order, dated November 12, 2003 (the "Appointment Order"), the Bankruptcy Court approved the UST's selection of Francis G. Conrad as chapter 11 trustee (the "Trustee"). The Trustee's appointment under the Appointment Order was made nunc pro tunc as of November 7, 2003.

On or about November 10, 2003, Jesco and Bernstein filed a Notice of Removal in the United States Bankruptcy Court for the Middle District of Alabama (the "Alabama Bankruptcy Court") seeking removal of the State Court Action to the Alabama Bankruptcy Court pursuant to 28 U.S.C. § 1452(a). Jesco and Bernstein also requested that the Alabama Bankruptcy Court transfer the State Court Action to the Bankruptcy Court for the Eastern District of New York. On November 19, 2003, the Alabama Bankruptcy Court granted the removal and transfer and the State Court Action was transferred to the Bankruptcy Court for the Eastern District of New York.

Settlement discussions occurred between the Trustee and Jesco and between the Trustee and Mott. Thereafter, the Trustee on behalf of Jesco, Mott, and SAA entered into a stipulation of settlement (the "Settlement Stipulation"). The Settlement Stipulation resolved all claims and disputes between Jesco, the Trustee, Mott, and SAA. On December 4, 2003, a hearing on the Trustee's motion seeking approval of the Settlement Stipulation was held before the Bankruptcy Court. At the hearing, the Bankruptcy Court indicated that it would approve the Settlement Stipulation after it

determined that it was reasonable and in the best interests of the estate. At the time the Bankruptcy Court approved the proposed settlement, the Alabama State Court Action proceeding was not yet on the Bankruptcy Court's docket.

On December 8, 2003, the State Court Action was entered on the docket of the Eastern District Bankruptcy Court and was assigned Adversary Proceeding No. 03-8539. Three days later, on December 11, 2003, the Bankruptcy Court entered an order approving the Settlement Stipulation in its entirety. Bernstein did not object to the Settlement Stipulation. As a result of the Settlement Stipulation and the exchanges of mutual releases made pursuant to it the claims asserted by Jesco against Mott from the October 29, 2003 filing were dismissed. Also, the claims asserted by Mott against Jesco in the State Court action were released. Thus, the only claims remaining in the State Court Action were the Guaranty Claims of Mott against Bernstein.

On December 17, 2003, Jesco appealed from the December 11, 2003 order. This order was affirmed by this Court on March 31, 2005. *See In re Jesco Fuel Marts*, No. 04 Civ. 3030, Memorandum of Decision and Order dated March 31, 2005.

On April 21, 2004, Mott filed a motion in the Bankruptcy Court seeking remand of its State Court Guaranty Claim against Bernstein to the Alabama State Court on the ground that the Bankruptcy Court lacked subject matter jurisdiction over the Guaranty Claim as it was the only remaining claim in the Bankruptcy Court. In the alternative, Mott requested that even if the court had subject matter jurisdiction, it

should exercise its discretion and grant remand on equitable grounds pursuant to 28 U.S.C. § 1452(b).

On June 16, 2004, the Bankruptcy Court decided the motion to remand. The Bankruptcy Court concluded that the Adversary Proceeding should be remanded to the Alabama Court because it no longer had any subject matter jurisdiction over the State Court action, which at that time consisted solely of the Guaranty Claim against Bernstein. The Bankruptcy Court stated that any subject matter jurisdiction that it may have had was lost when the claims against the Debtor in the State Court action were released. Further, the Bankruptcy Court concluded that even if it had subject matter jurisdiction over the Guaranty Claim, equitable factors weighed in favor of remanding the issue to the Alabama State Court.

On July 15, 2004, the Bankruptcy Court denied a subsequent motion to stay proceedings. On August 12, 2004, Bernstein appealed from the June 16, 2004 order Although the Appellant's Brief on Appeal raises 19 issues on appeal, the gravaman of this appeal is whether the Bankruptcy Court erred in concluding that it lacked subject matter jurisdiction over the Guaranty Claim and granted Mott's motion to remand to the Alabama State Court.

## II.     DISCUSSION

### A.     Applicable Law

District court review of a Bankruptcy Court determination is governed by Rule 8013 of the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr."). Under this

rule questions of law are reviewed *de novo*. *In re AroChem Corp.*, 176 F.3d 610, 620 (2d Cir. 1999); *see also In re Bennett Funding Group, Inc.*, 146 F.3d 136, 138 (2d Cir. 1998). In addition, "[f]indings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bkrptcy. P. 8013 (1991). "The 'clearly erroneous' test is not met unless the reviewing court, without reweighing the evidence, is left with the definite and firm conviction that a mistake has been committed." *Campbell ex rel. Campbell v. Metropolitan Property and Cas. Ins. Co.*, 239 F. 3d 179, 186 (2d Cir. 2001) (internal quotation marks and citations omitted).

**B.     Issues on Appeal**

The Appellant argues that the Bankruptcy Court erred and abused its discretion in issuing the Remand Order. In particular the Appellant claims that the Bankruptcy Court erred in its determination that it lacked subject matter jurisdiction over the Guaranty Claim after the Settlement Stipulation was approved. The Appellant also contends that the Bankruptcy Court improperly considered the relevant factors when it ordered an equitable remand pursuant to 28 U.S.C. § 1452(b).

The removal of the State Court Action was premised on 28 U.S.C. § 1452(a). This section provides:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has

8

>jurisdiction of such claim or cause of action under
>section 1334 of this title.

28 U.S.C. § 1452(a). Thus, the jurisdictional basis for bankruptcy removal pursuant to Section 1452(a) is provided in 28 U.S.C. § 1334(b) which states:

>Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

To determine whether the Guaranty Claim, is "related to" the Bankruptcy Case, the Court must determine "whether [its] outcome might have any 'conceivable effect' on the bankrupt estate. If that question is answered affirmatively, the litigation falls within the 'related to' jurisdiction . . . ." *Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 114 (2d Cir. 1992); *Certain Underwriters at Lloyd's, London v. ABB Lummus Global, Inc.*, No. 03 Civ. 7248, 2004 WL 224505, at *5 (S.D.N.Y. Feb. 5, 2004) (To determine whether a claim is "related to," a court "must determine when and whether the outcome of the case will effect the debtor's estate.").

In other words, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively), and which in any way impacts upon the handling and administration of the bankrupt estate." *In re WorldCom, Inc. Sec. Litig.*, 293 B.R. 308, 317 (S.D.N.Y. 2003) (Finding proceedings against the debtor's officers that could exhaust the

9

debtor's insurance limits or give rise to claims against the debtor for contribution or indemnity to be "related to" the bankruptcy case.). As the party removing the State Court Action, Bernstein has the burden of proving federal jurisdiction and doubts with respect to jurisdiction should be resolved in favor of remand. *See In re Worldcom, Inc. Secs. Litig.*, 293 B.R. 308, 316 (S.D.N.Y. 2003).

Bernstein claims that Judge Cyganowski erred because she concluded that any jurisdiction the Bankruptcy Court had over the Guaranty Claim ceased the moment the Settlement Stipulation was approved. In particular, Bernstein claims that because the Bankruptcy Court stated that it had jurisdiction, it erred in failing to continue to exercise that jurisdiction over the remaining Guaranty Claim. While it is true that jurisdiction is determined at the time of removal, each claim must be considered individually to determine whether subject matter jurisdiction exists. *See Retirement Systems of Alabama v. Merrill Lynch & Co.*, 209 F. Supp. 2d 1257, 1263 (M.D. Ala. 2002) ("The more sensible reading seems to be that § 1452 authorizes a party to remove a particular 'claim or cause of action' that touches on the administration of a bankruptcy estate, but not an entire 'action' involving claims and other parties that may have nothing to do with the bankruptcy."). Thus, the Court must determine if the Bankruptcy Court had jurisdiction over the Guaranty Claim in and of itself.

Here, the claim involving enforcement of the Guaranty was asserted by Mott only against Bernstein. As stated above, the Guaranty which was issued by Bernstein to Mott, guaranteed full payment and performance by Bernstein of any and all

indebtedness, liabilities, and obligations incurred by Jesco. As a result of the Guaranty Bernstein unconditionally and irrevocably "waived and relinquished any right of subrogation or other right of reimbursement" from Jesco. Guaranty at § C, ¶ 5. This is not disputed by Bernstein. Thus, the express language of the Guaranty precludes a finding that the outcome of this claim can have a "conceivable effect" on the bankruptcy estate. Accordingly, it is not "related to" to the Bankruptcy case at issue and there is no jurisdiction over the Guaranty Claim.

Although Bernstein states in his Brief on Appeal that he "may hold claims against the Debtor apart from those under the Guaranty," such a speculative assertion is not sufficient to establish that there would be a "conceivable effect" on the bankruptcy estate. In addition, to the extent that Bernstein argues that the Alabama Court does not have *in personam* jurisdiction over him because he does not have minimal contacts, such a motion to dismiss is properly made in the Alabama Court. Finally, the Court notes that at the time this appeal was filed the Settlement Stipulation was not final because it had been appealed to this Court. However on March 31, 2005, the Bankruptcy Court's approval of the Settlement Stipulation was affirmed. Therefore any argument that the Settlement Stipulation is not final and that the remand was premature is rendered moot. Accordingly, the Court finds that the Bankruptcy Court properly found that it had no jurisdiction over the Guaranty Claim, and this aspect of the June 16, 2004 hearing is affirmed.

Moreover, the Court notes that even if the Bankruptcy Court had jurisdiction over the Guaranty Claim, it may, in its discretion, remand the proceeding to the state court pursuant to 28 U.S.C. § 1452(b). That section provides that "[t]he court to which such a claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. § 1452(b). Courts consider a number of factors in deciding whether to remand under this section. These factors, known as the *Drexel* factors, include: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of the applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; and (7) prejudice to the involuntarily removed defendants. *Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co.*, 130 B.R. 405, 408 (S.D.N.Y. 1991).

In analyzing these factors, the Bankruptcy Court stated:

> I do not believe, for all the reasons previously expressed, that the determination of the litigation between Mott Oil and Jeffrey Bernstein will have any effect whatsoever on the administration of the instant proceeding before the Court . . .
>
> The extend to which issues of State Court dominate clearly weigh in favor of Alabama State Court interpreting its own state law. While it is true that breach of contract actions bear many of the same elements state to state, clearly the applicability of Alabama state law to these issues is something as to which this Court would have to educate itself. I do not claim any familiarity with Alabama state law and

> certainly, and Alabama Court is more familiar with those issues than I.
>
> Comity is also a factor that militates in favor of letting a State Court in a state of a different state hear and determine its own litigation. There is certainly something to the argument that to the extent equities applies, equity should recognize that the agreement appears to have been entered into in the State of Alabama, under the laws of the State of Alabama, and thus, since Mr. Bernstein was the one who voluntarily entered into that agreement, he should not be heard to complain that he must litigate there also.
>
> Other factors include the relatedness or remoteness of the action to the bankruptcy case. For reasons I've stated, the Circuit Court action remains clearly remote, now that the debtor itself has been removed from the action. And lastly, the factors of prejudice to the party involuntary removed from State Court, Mott Oil has argued that it is unfairly burdened by reason of the fact that it is an Alabama state corporation with its books and records and personnel in the State of Alabama. Clearly, it is placed at a disadvantage, were it to have to argue its allegations in the Circuit Court action before this Court in Long Island.

The Court finds that the Bankruptcy Court's thorough and informed review and analysis of each of the *Drexel* factors was not an abuse of discretion. Accordingly, the Bankruptcy Court's remand of the State Court Action to the Alabama State Court is affirmed.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the appeal of the Bankruptcy Court's Order remanding the State Court Action to the Alabama State Court is **DENIED**; and it is further

**ORDERED**, that the June 16, 2004 Order of the Bankruptcy Court is **AFFIRMED**; it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 28, 2005

    ARTHUR D. SPATT
United States District Judge